[No. 9,596.   Department Two.—September 10, 1884.]

## M. GOODDAY AND M. BRESLAUER, PETITIONERS, *v.* THE SUPERIOR COURT OF BUTTE COUNTY, RESPONDENT.

INSOLVENCY—JURISDICTION.—The Superior Court has power to order a party adjudged insolvent to appear and be examined concerning the affairs of the estate, upon the application of a receiver.

ID. — DELIVERY OF PROPERTY TO ASSIGNEE. — Where, upon such examination, the insolvent is found to have money in his possession belonging to the estate, the court can order it to be delivered to the assignee.

APPLICATION for writ of review.  The petitioners were partners under the firm name of Goodday & Co., and were adjudged insolvent upon the petition of creditors.  The remaining facts are stated in the opinion of the court.

*F. C. Lusk,* and *Reardan & Freer,* for Petitioners.

*Park Henshaw,* for Respondent.

MYRICK, J. — *Certiorari* to review the action of the Superior Court in proceedings in insolvency.

The court had adjudged · the parties insolvent, and had appointed a receiver to take charge of the estate.  Then, on the petition of the receiver, the court made an order that the insolvents appear and be examined touching the affairs of the estate.  After such examination was had the court found from the examination and the mercantile books of said insolvents that Breslauer then had in his possession and control two thousand dollars belonging to the estate of the insolvents, which he had neglected and refused to pay to the assignee, and that Goodday had, in like manner, six thousand dollars, and ordered that they deliver such sums respectively to the assignee within five days.

Two grounds of error are urged:  (1) That the receiver had no right to apply to have the examination.  (2) That the court had no power to direct the delivery of the money.  An answer to the first objection is found in section 47 of Insolvent Act of 1880.  The court may make the order for examination of the debtor, upon the application of the assignee, or of any creditor, or without any application.  If the court could, *of its own motion,* make the order for the examination, we apprehend that the order was not weighted down by having been made at the instance or suggestion of the receiver.

As to the second point:  We see no excess of jurisdiction.  The court had jurisdiction of the insolvents, and of the estate.  The evidence on which the court found that the money belonged to the estate is not before us; therefore we may presume the finding was based on incontrovertible testimony; it may be that

the persons examined had the money in their hands, and admitted it to belong to the estate. In such case we think the court had power to order it to be delivered to the assignee, without suit. Of course, if the money had been in the hands of other persons claiming an interest, the assignee would have been driven to his action.

Order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.