[No. 13635. In Bank. — May 3, 1890.]

## A. DENNERY, Petitioner, v. SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent.

Insolvency — Appeal from Adjudication — Bond — Stay of Proceedings — Jurisdiction — Receiver. — An appeal from an order granting an adjudication of insolvency is regulated by the general law for appeals in civil causes; and not being a case in which a separate stay bond is required, the ordinary appeal bond operates to stay all further proceedings upon the order appealed from, or the matters embraced therein. The superior court has no jurisdiction pending the appeal to compel the insolvent to prepare and file his inventory and schedules, or to proceed to the selection of an assignee, or to call a meeting of creditors, or to do any further thing in the proceeding in insolvency except only such things as may be necessary to be done through a receiver for taking and preserving the property of the insolvent. The functions of a receiver are not suspended by such appeal.

Id. — Powers of Receiver — Recovery and Control of Assets — Actions. — The functions of a receiver depend very much upon the powers conferred by statute. A receiver has power under the general laws of this state to bring and defend actions in his own name as receiver, to take and keep possession of the property, to receive rents, collect and compromise debts, to make transfers, and generally to do such acts respecting the property as the court may authorize. By means of a receiver, the superior court may in an insolvency proceeding fully take possession of and preserve the property of the insolvent, and protect the rights of creditors; and a receiver appointed in such proceeding may maintain an action to recover the assets of the insolvent, or any property which may have been fraudulently conveyed by him, and may apply for an examination of the insolvent touching his affairs.

Application to the Supreme Court for a writ of prohibition to the Superior Court of Sacramento County, and Hon. John W. Armstrong, judge thereof.

The facts are stated in the opinion of the court.

*Grove L. Johnson,* and *Albert M. Johnson,* for Petitioner.

*Naphtaly, Freidenrich & Ackerman,* and *Add. C. Hinkson,* for Respondent.

McFARLAND, J.—This is an application for a writ of prohibition to restrain respondent from continuing certain proceedings in a case of involuntary insolvency, after an appeal to this court by petitioner from a decree declaring him an insolvent.

From the petition and answer it appears that certain creditors of petitioner filed a petition in the court of respondent, praying to have petitioner herein (Dennery) adjudicated an insolvent debtor. After a contest on the issue of insolvency, the court, on November 22, 1889, rendered a judgment and decree adjudging that petitioner was an insolvent debtor, directing that he file his inventory and schedules within five days, and fixing a day, viz., January 3, 1890, for the meeting of creditors to choose an assignee. On December 2, 1889, petitioner filed and served a notice of appeal from said judgment, and on the next day filed a sufficient undertaking on appeal in the sum of three hundred dollars. The petition avers that notice of the day for the meeting of creditors to choose an assignee is being published, and that an assignee will be chosen unless the writ prayed for herein issue; that petitioner has been cited for contempt for not filing his inventory, and will be held for such contempt, and that respondent is pursuing said insolvency proceeding in other respects as though no appeal had been taken. Respondent practically admits these averments, and asks to be advised in the premises. It further appears that, prior to the judgment of insolvency, the respondent had appointed George C. McMullin receiver of the property and estate of the petitioner, with directions to take and keep possession of said property,

and to "do such other acts in relation thereto as the court from time to time should authorize and direct"; that said order "is still in full force and effect"; and that said McMullin has "qualified and entered upon the discharge of his duties as such receiver."

Section 67 of the state insolvent act of 1880 provides that "an appeal may be taken to the supreme court in the following cases: 1. From an order granting or refusing an adjudication of insolvency." And the section further provides that "the notice, undertaking, and procedure on appeal shall conform to the general laws of this state regulating appeals in civil cases."

The general laws regulating appeals are found in the Code of Civil Procedure, from section 936 to section 980. The general provision is, that an appeal is perfected by serving and filing a notice of appeal, and filing an undertaking in the sum of three hundred dollars. By several sections immediately preceding section 946, it is provided that in several enumerated cases the appeal shall not stay the judgment or proceedings unless an additional bond be given in an amount either fixed by the code or to be determined by the court. And by section 946 it is provided that "whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein; . . . . but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from." We think it clear that the appeal in the case at bar does not come within any of the enumerated cases in which an additional undertaking is required to stay the execution of the judgment; and the appeal having been "perfected" in accordance with the requirements of the code, it stays all further proceedings upon the judgment appealed from, and "upon the matters embraced therein." To afterward compel the petitioner to prepare and file

his inventory and schedules, and to proceed to the selection of an assignee, would be to proceed to execute the judgment appealed from. If that could be done during the pendency of the appeal, we see no reason why the estate could not be conveyed to the assignee, and why the latter could not "as speedily as possible convert the estate, real and personal, into money," and proceed to distribute it, under the order of the court, *pro rata,* among the creditors.

It is argued by respondent that it is the right and the duty of the court to protect and preserve the property of the alleged insolvent during the litigation, and that this cannot be done without proceeding to the selection of an assignee. The pendency of the appeal would not prevent the court from preserving the property, but that can readily be accomplished through the receiver, whose functions are not suspended by the appeal.

It is contended by respondent that the receiver could not maintain an action for property or assets which had not come into his possession, or which had been fraudulently transferred by the alleged insolvent. In this contention respondent is, we think, mistaken. The functions of a receiver depend very much upon the powers conferred by statute. Section 63 of the Insolvent Act provides for the appointment of a receiver where there is danger of the property being lost, removed, etc., and "in all other cases where receivers are appointed by the usages of courts of equity. And thereupon the appointment, oath, undertaking, and *powers* of such receiver shall in all respects be regulated by the general laws of the state applicable to receivers." And the general laws of the state provide that " the receiver has, under the control of the court, power to bring and defend actions *in his own name,* as receiver; to take and keep possession of the property, to receive rents, collect debts, to compound for and compromise the same, to make transfers, and generally to do such acts respecting the property as the

court may authorize." (Code Civ. Proc., sec. 568.) This provision clears the way of all former niceties as to the questions whether a receiver could sue in his own name, and whether he could recover property which had not once been in his actual possession. The power of a receiver to maintain necessary actions in insolvent cases was expressly recognized in *Matter of Real Estate Associates*, 58 Cal. 356. (See also *Ex parte Hollis*, 59 Cal. 416; *Adams* v. *Woods & Haskell*, 15 Cal. 207.)

Moreover, it has been held that a receiver in insolvency may apply for the examination of an insolvent concerning his affairs. (*Goodday* v. *Superior Court*, 65 Cal. 580.) By means of the receiver, therefore, the court can fully preserve the property of the insolvent, and protect the rights of creditors. We are of opinion, therefore, that the writ of prohibition should issue substantially as prayed for in the petition, but not to interfere with the power of the court through the receiver to take by suit, or otherwise, and to safely keep the property and assets of the insolvent.

Petitioner has also instituted another proceeding (No. 13648) in this court for the purpose of obtaining a *supersedeas*, upon the supposition that perhaps prohibition would not be considered the proper remedy; but as respondent makes little objection to the form of the remedy, provided that it be held that the right exists, we shall assume that prohibition is the proper proceeding.

The statements in respondent's answer concerning certain litigation between petitioner's wife and the receiver are not necessary to be considered here, as that litigation is not affected by this proceeding.

It is ordered and adjudged that a writ of prohibition issue to the respondent,—the said superior court and the said judge thereof,—prohibiting and restraining said court and judge, during the pendency of the appeal herein, from continuing to publish said order for the meeting of creditors, and from ordering said petitioner to file his

inventory or schedules, and from proceeding against him for contempt for not doing so, and from proceeding to the choice of an assignee by said creditors, and from doing any further thing in the said proceeding in insolvency against said petitioner, except only such things as may be necessary to be done through the receiver for taking and preserving the property of said petitioner.

PATERSON, J., SHARPSTEIN, J., FOX, J., THORNTON, J., and BEATTY, C. J., concurred.