[No. 19340.   Department Two.—August 17, 1894.]

I. G. WICKERSHAM, RESPONDENT, v. JAMES L. CRITTENDEN ET AL., APPELLANTS.

CORPORATIONS—ACTIONS BY STOCKHOLDER—JUDGMENT—JURISDICTION—MODIFICATION AFTER AFFIRMANCE—ATTORNEY'S FEES.—Where a judgment has been rendered in an action by a stockholder of a corporation for the use of the corporation without a provision for attorney's fees, and the judgment has become final by affirmance upon appeal, the trial court cannot, upon petition or motion thereafter, change or modify the judgment by ordering the moneys recovered to be disposed of in any way other than that provided in the judgment itself, and the court has no power, upon motion therefor, to order the amount expended by the plaintiff for attorneys' fees to be paid to him out of the money for which the judgment was rendered, and which has been paid into court in satisfaction of the judgment.

APPEAL from an order of the Superior Court of San Luis Obispo County, directing the clerk of the court to pay certain moneys to the respondent for attorneys' fees alleged to have been paid out by him to his attorneys in certain actions.

The facts are stated in the opinion of the court.

Graves & Graves, James L. Crittenden, and Henry S. Foote, for Appellants.

The court had no jurisdiction, power, or authority to modify the final judgments affirmed by this court, or to make any order disposing of any of the moneys in any other way than provided in the judgments.   (Code Civ. Proc., secs. 955, 957; Freeman on Judgments, sec. 121; Ex parte Sibbald, 12 Pet. 491; McClanahan's Heirs v. Henderson, 1 T. B. Mon. 261; Marysville v. Buchanan, 3 Cal. 212; McMillan v. Richards, 12 Cal. 468; Mulford v. Estudillo, 32 Cal. 132; Sharon v. Sharon, 79 Cal. 689; Brady v. Burke, 90 Cal. 4; Hayne on New Trial and Appeal, sec. 299; Argenti v. San Francisco, 30 Cal. 459.)

Lippitt & Lippitt, and Wilcoxon & Bouldin, for Respondent.

A trust estate must bear the expenses of its administration. (*Alemany* v. *Wensinger*, 40 Cal. 294; Perry on Trusts, secs. 894, 910, 912; Lewin on Trusts, secs. 636, 637, 687.)   The order of the court was proper. (*Trustees* v. *Greenough*, 105 U. S. 527, and cases cited.)

McFARLAND, J.—This is an appeal by the appellants, Crittenden and the Bank of San Luis Obispo, from an order of the superior court directing its clerk to pay certain moneys to the respondent, Wickersham, for attorneys' fees, alleged to have been paid out by him to his attorneys in certain actions.

Wickersham and Crittenden were stockholders in the Bank of San Luis Obispo, a corporation—Crittenden owning a fraction over one-half of the capital stock of the bank, and Wickersham owning about two-thirds of the other half.   They disagreed about the business and management of the bank, and Wickersham brought two actions against Crittenden, the bank, and certain other defendants.   He alleged in his complaint in each action that he brought it for himself and stockholders other than the defendants.   In one of the actions he recovered judgment, " to and for the use of the Bank of San Luis Obispo," against Crittenden, for five hundred and forty-eight dollars and nineteen cents, together with " his costs and disbursements herein, taxed at the sum of one hundred and eleven dollars and thirty cents." In the other action he recovered judgment against Crittenden for two thousand seven hundred and sixteen dollars and seventy-eight cents, " to be paid to the defendant, the Bank of San Luis Obispo, for its use and benefit," and " his costs herein, taxed at the sum of sixty-nine dollars and forty cents."   In each case an appeal was taken to this court, and the judgment was affirmed.   When the *remittiturs* went down to the superior court Crittenden paid the amounts of the judgments "into court," for the satisfaction of the judgments, by which is meant, we suppose, that he paid the money to the clerk of the court.   Afterwards, Wicker-

sham filed a petition in the court, in which he stated that the moneys recovered on said judgments were for the benefit of the said bank and all its stockholders, and not for himself alone, and that he had paid out to his attorneys in said actions certain amounts of money, and he prayed for an order that he be paid the amount of the attorneys' fees out of the said money paid in by Crittenden, which, it seems, was still in the hands of the clerk. The bank and Crittenden appeared and demurred to the petition, but after a hearing and the introduction of evidence the court made an order that the clerk pay to Wickersham one thousand dollars, as attorneys' fees in said two actions, and that he pay the balance of said money to said bank.

It is not necessary to determine here whether or not in said two actions, which were practically between the main stockholders of a corporation contending for the control of its management and business, the prevailing party was entitled to recover attorneys' fees in addition to statutory costs and disbursements. The judgments as rendered in the superior court were affirmed in this court, and were, of course, final judgments, and they did not include attorneys' fees. They directed the moneys recovered, together with the stated costs, to be paid to the bank; and the superior court could not, upon petition or motion, change or modify these final judgments by ordering the moneys recovered to be disposed of in any way other than provided in the judgments themselves. If respondent has any legal claim against the bank for money advanced to attorneys for conducting said actions he must prosecute that claim by an ordinary civil action against the bank; but he cannot, upon motion, have a final judgment substantially opened and changed so as to include his claim. The cases cited by respondent (*Alemany* v. *Wensinger*, 40 Cal. 294; *In re Paschal*, 10 Wall. 493; and *Trustees* v. *Greenough*, 105 U. S. 527) are not in point. Those cases merely declare the principle that in a proper case a trustee may be allowed out of the trust fund attorneys' fees expended

in the necessary preservation or management of the fund, but there was no point made in them as to the method or procedure by which the allowance could be obtained, and in neither of them was an order like the one in the case at bar involved, made after a final judgment had been affirmed by the appellate court, and when there was no continuous administration of a trust. In those cases the order was made during the pendency of the litigation, and became part of the final judgment.

The order appealed from is reversed.

FITZGERALD, J., and DE HAVEN, J., concurred.