[L. A. No. 35.    In Bank.—June 27, 1895.]

T. K. STATELER, PETITIONER, v. SUPERIOR COURT OF ALAMEDA COUNTY, RESPONDENT.

INSOLVENCY—APPEAL BY CREDITOR FROM ADJUDICATION—STAY OF PROCEEDINGS — JURISDICTION — MODIFICATION OF ORDER — EXECUTION AGAINST HOMESTEAD. — An appeal by a creditor from an order of adjudication upon a voluntary petition in insolvency stays all further proceedings in the court below upon the judgment or order appealed from, or upon matters embraced therein, and the superior court has no jurisdiction pending the appeal to make an order modifying the order of adjudication so as to allow a judgment creditor to issue execution against the homestead of the insolvent debtor.

ID.—MODIFICATION OF STAY PROCEEDINGS—CERTIORARI.—The decree adjudging the petitioner insolvent and ordering a stay of proceedings constitutes one order, and, where the appeal is from the whole of the adjudication, the court has no power to modify the order staying proceedings pending the appeal, and such order will be annulled upon certiorari.

ID. — FRAUDULENT TRANSFER OF HOMESTEAD — REMEDY BY ACTION. — Where an insolvent has, prior to filing his petition in insolvency, made a fraudulent transfer of his interest in the homestead property, for the purpose of covering it up and preventing any excess in value from coming to his creditors, a judgment creditor may bring an action on behalf of himself and the other creditors, to set aside such transfer and recover the property for the benefit of the estate, and such action will not contravene the order staying proceedings, but, where the stay ordered is suspended by appeal, no question can arise as to the right to maintain such an action.

APPLICATION in the Supreme Court to annul an order of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*Pierson & Mitchell,* and *Robert A. Friedrich,* for Petitioner.

The court had no jurisdiction to make the order sought to be reviewed. (Insolvent Act 1880, sec. 45; *Dennery* v. *Superior Court,* 84 Cal. 8; *Estate of Woods,* 94 Cal. 566; *Pennie* v. *Superior Court,* 89 Cal. 31.) An order appealed from cannot be modified or affected by the lower court pending the appeal. (*Ruggles* v. *Superior Court,* 103 Cal. 125.)

*A. W. Thompson,* for Respondent.

The appeal did not include the order staying proceedings, and the court could modify it so as to allow the assignee to take the homestead as to excess in value over five thousand dollars. (*Dennery* v. *Superior Court,* 84 Cal. 8; *Lubbock* v. *McMann,* 82 Cal. 229, 230; 16 Am. St. Rep. 108; *Barrett* v. *Sims,* 59 Cal. 615; *Demartin* v. *Demartin,* 85 Cal. 71; *Keyes* v. *Cyrus,* 100 Cal. 322; 38 Am. St. Rep. 296.)

VAN FLEET, J.—This is an original proceeding in this court by certiorari, seeking to review and have

annulled an order of said superior court made in a proceeding in insolvency.

In December, 1894, R. P. Thomas, a resident of Alameda county, filed in said superior court his voluntary petition in insolvency, and thereupon the usual order was made, as provided in the Insolvent Act, adjudging Thomas insolvent and staying all proceedings against him. Subsequently one Chetwood, a creditor, was elected and duly qualified as assignee of the estate. Thereafter the petitioner herein, a creditor whose claim had been filed against said estate, took and perfected an appeal to this court from said order of adjudication, and said appeal is still pending here.

On March 30th, and after the perfecting of said appeal, Chetwood, whose claim is based upon a judgment theretofore recovered by him against said insolvent in the superior court of the city and county of San Francisco, but under which no execution had been levied or lien acquired in any manner upon any property of the insolvent in Alameda county, made an application to said superior court for a modification of the order of adjudication to the extent of permitting him, as such judgment creditor and assignee, to take out execution upon his said judgment and levy it upon certain real estate constituting the homestead of the insolvent in Alameda county, which it was alleged largely exceeded in value the statutory exemption, and to subject such excess in value to the satisfaction of said judgment. The superior court granted said application and made an order modifying said order of adjudication in the manner requested, and said Chetwood thereupon took out execution and is proceeding to subject said property to the satisfaction of his said judgment. The said order of modification was made without notice to or consent of the petitioner, and petitioner deeming that said court had no power to make the order, and there being no appeal therefrom, he seeks the aid of this proceeding to have the order annulled.

We think it clear that the court was without authority

to make the order complained of.   The order of adjudication was an appealable order, and the effect of the appeal from that order was to stay " all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein." (Code Civ. Proc., sec. 946; *Dennery* v. *Superior Court*, 84 Cal. 7; *Pennie* v. *Superior Court*, 89 Cal. 31.)   Pending the appeal the superior court had no more power to modify the order appealed from in the manner indicated than it would have had to proceed and enforce it in its entirety.   The effect of the appeal is to remove the subject matter of the order from the jurisdiction of the lower court, and that court is without power to proceed further as to any matter embraced therein until the appeal is determined.   (*Ruggles* v. *Superior Court*, 103 Cal. 125.)

It is contended, however, by respondent that the appeal "is from the judgment and decree adjudging the said R. P. Thomas insolvent, and not from the order creating the stay," and that therefore the court was not prevented from modifying the stay order.   This argument is based upon the assumption that that part of the order of adjudication declaring the insolvency and the part staying proceedings are separate and distinct orders, in no way dependent upon each other.   This position is untenable.   The order is one order, containing different and somewhat distinct adjudications it is true, but still a single order, the different features of which are dependent upon each other.   (Insolvent Act, sec. 6.) The appeal is " from the judgment and decree made and filed in this matter . . . . adjudging the said R. P. Thomas insolvent, and from the whole of said judgment and decree."   It is apparent that the appeal was intended to embrace every part of said order, and the language is sufficiently comprehensive to make the intention effectual.

It is further urged by respondent that the order made by the superior court was solely with a view and purpose of preserving the property of the insolvent for the

creditors, and that this the court had a right to do. It is undoubtedly the duty and within the power of the court to keep the property of the estate intact and to preserve it from loss or spoliation, and to adopt proper measures to that end (*Dennery* v. *Superior Court*, 84 Cal. 7); but it is not authorized for such purpose more than another to travel outside its jurisdiction. Assuming, as is claimed by respondent, that the only object of the order in question was for the protection of the rights of all the creditors, which is not clearly manifest from the nature of the order itself, it was wholly unnecessary for the purpose, even had it been proper. If it be true, as asserted, that the insolvent had, prior to filing his petition in insolvency, made a fraudulent transfer of his interest in the homestead property for the purpose of covering it up and preventing any excess in value from coming to his creditors, there existed a plain and adequate remedy by which his act could be defeated and the property recovered. It was perfectly competent for Chetwood, the judgment creditor, to bring an action, on behalf of himself and the other creditors, to set aside such transfer as in fraud of creditors. Such an action is not within the prohibition of section 45 of the Insolvent Act. Even though necessary to make the insolvent a party, it would not be an action against him upon a debt or obligation provable against his estate, but to recover from his fraudulent vendees, for the benefit of the estate, the property so transferred. As such, it would not contravene the order staying proceedings, even if the latter remained in force. The case of *Miller* v. *Kehoe, ante*, p. 340, presents such an instance. Here, however, the stay order was suspended by the appeal, and no question could therefore arise as to the right to maintain such an action.

The order complained of should, therefore, be annulled, and it is so ordered.

GAROUTTE, J., McFARLAND, J., HENSHAW, J., and HARRISON, J., concurred.

Rehearing denied.