MARGARET HYATT v. MARTIN CLEVER, *et al.*, Appellants, and MARGARET HYATT v. MATTIE A. HURLBUT, *et al.*, Appellants, and Two Other Cases.

**Boundaries: DEEDS.** Plaintiff's and defendant's common grantor, in conveying plaintiff's land, reserved land west of it, "commencing nineteen rods west of the southwest corner of out lot six" (evidently an error, as lot five is the only one adjoining), and, in conveying the reserved land to defendant, defined its eastern boundary as commencing "nineteen rods west from the southwest corner of out lot five " which corner is one rod east of the section. *Held*, that plaintiff's western boundary was eighteen rods west of the section line.

**Appeal: SUPERSEDEAS.** An appellee's possession of the land in dispute, obtained by the service of a writ of possession *before* an appeal bond was filed, is not affected by a subsequent perfecting of appeal and filing of a supersedeas bond, under Code 1873, section 3186, providing that an appeal shall not stay proceedings unless a bond is filed.

*Injunction after appeal.* Under Code 1873, section 3389, providing that an injunction affecting the subject-matter of an action can be granted only by the court before which it is pending, an injunction restraining the taking of possession of land in dispute, after an appeal has been taken, can be granted only by the appellate court.

*Appeal from Monroe District Court.*—HON. M. A. ROBERTS, Judge.

### WEDNESDAY, JANUARY 19, 1898.

PLAINTIFF, the owner of lot 2 and west half of lot 3, block 8, George's First addition to Albia, prosecutes these actions for the possession of, and to be quieted in the title to, a strip of land about twelve feet wide, east and west, and eighteen rods long, north and south, which she claims to be a part of her said lots, on the west side thereof. The defendant Clever, owner of lot 4, block 7, of said addition, claims the south half of said strip as part thereof; and defendant Hurlbut, owner of lot 1, block 7, claims the north half as part of her said lot. The defendants also claim to be entitled to said parts of said strip, respectively, by prescription. Separate decrees were entered in favor of the plaintiff as prayed, from which the defendants appeal. The issues and facts being the same in the above-entitled cases, they are submitted together. Two other cases, wherein said defendants are plaintiffs and appellants, and said plaintiff and L. E. Hyatt, her husband, are defendants, are also submitted herewith.—*Reversed* in part.

*W. A. Nichols* for appellants.

*T. B. Perry* for appellee.

GIVEN, J.—I. We first inquire as to the title to the land in dispute. This strip of land is a part of the north

one-half of the northeast one-fourth of section 21, township 72, range 17, Monroe county. The abstracts of title show a number of conveyances of fractional parts of this tract by metes and bounds that are difficult to apply to the intended parts. All the abstracts of title show that Willis Arnold owned said tract of land by conveyance from the owner of the patent title. Plaintiff's abstract shows that Arnold conveyed the same to W. T. George, excepting parts thereof described by metes and bounds, reserved to Arnold in the deed. On June 24, 1857, there was recorded a survey and plat of said tract as "Plat of George's First Addition to Albia," which was dated June 20, 1857, and duly executed and acknowledged by Carlos R. Kelsey, W. T. George, S. E. L. Moore, and Nathan Draper. Plaintiff shows title from George, through several intermediate grantors to her, for her said lots in block 8. Defendant Clever's abstract shows that August 1, 1856, Arnold conveyed one-half acre of said tract to Mortimer Sellick by metes and bounds, "commencing at a point nineteen rods west from the southwest corner of outlot No. 5, in Albia." This one-half acre is next west of that conveyed to George. Said abstract also shows that on November 4, 1856, Sellick, conveyed same one-half acre to Stephen Lofton; that May 2, 1857, Samuel Thompson conveyed the south half thereof to Jacob Staltz, who conveyed the same to John I. Anderson, Anderson to Clark, and Clark to defendant Clever It will be observed that no conveyance is shown from Lofton nor to Thompson. Therefore, so far as this abstract shows, the title to said one-half acre is in Lofton, and was at the time the plat was made. The abstract of defendant Hurlbut shows the same conveyances, down to Lofton. It also shows a conveyance of the north one-half of said one-half acre, April 23, 1857, from Lofton to Kelsey, and from Kelsey, through intermediate grantors, to defendant Hurlbut. It will be noticed

that Kelsey, who owned the north half, did join in exe-
cuting the plat. Plaintiff's counsel insist that, as it does
not otherwise appear that Draper, who joined in the
plat, had any other interest in the land, we may find
from the testimony of Mr. George that Lofton had con-
veyed this south half to Draper. Whether we may so
find we do not determine, as it is entirely clear that
these parties and their grantors have treated this entire
one-half acre as included in said plat. While the lands
of different owners were platted as "George's First
Addition to Albia," each seems to have conveyed the
lots formed out of the land owned by him. Mr. George
owned the land out of which block 8 was formed. Block
7, in which defendant's lots are located, and which, as
we have seen, includes said one-half acre, lies immedi-
ately west of block 8. The plat is bounded on the east
by a section line, east of which, and opposite block 8,
is outlot 5, with an alley one rod wide between it and
the section line. A like width appears to have been left
between the east line of the plat and section line, thus
giving roadway on that line two rods wide.

Plaintiff contends that the west line of block 8 is
nineteen rods west of said section line, and therefore,
eleven feet six inches west of a certain fence. Defend-
ants claim that it is nineteen rods west of the southwest
corner of said outlot 5, or eighteen rods west of said
section line, and that said fence is on the west line of
block 8. We are unable to say from the plat and field
notes from which point the measurement was made, but
it seems clear, from the deeds from Arnold to George
and to Sellick, that the land conveyed to George only
extended nineteen rods west of the southwest corner
of outlot 5. One of the reservations in that deed reads:
"And commencing nineteen rods west of the southwest
corner of outlot 6," etc. 6 is evidently an error, as 5 is
the number of the adjoining outlot. It is clear that
George's title only extended nineteen rods west of the

west line of outlot 5, and not nineteen rods from the section line. The deed from Arnold to Sellick for said one-half acre commences "nineteen rods west from the southwest corner of outlot 5, in Albia." We are in no doubt but that the west line of George's land and of block 8 is but eighteen rods west of said section line.

II. The evidence shows that many years ago the then owners agreed that the west line of block 8 was where said fence was afterwards built, and that for more than ten years prior to the bringing of these actions these parties and their grantors occupied and improved with reference to that as the line. Whether this occupation was under such circumstances as to confer title by prescription we do not determine, as we are convinced that the line so occupied to is the true line. It follows that the decrees of the district court must be reversed, and the cases remanded for decrees in harmony with this opinion.—REVERSED.

III. The other two cases are entitled as follows: "Martin Clever and Nancy G. Clever, Appellants, against Margaret Hyatt and L. E. Hyatt;" and "Mattie Hurlbut and E. C. Hurlbut, Appellants, against the same defendants." The plaintiffs in each case are husband and wife, and the defendants are also husband and wife. The facts concerning these cases, are, in substance, as follows: The decrees in the cases first considered were entered and excepted to on February 17, 1896, in favor of Margaret Hyatt, who caused a writ of possession to issue, which was duly served at 3 o'clock P. M. of March 5, 1896. Thereafter, and on the same day, these plaintiffs perfected their appeal in said cases by giving bonds and serving notices of appeal, said notices being served between 5 and 6 o'clock P. M. On the following day, notwithstanding the appeal, defendant L. E. Hyatt, by the direction and consent of his wife, entered upon the disputed land,

and proceeded to tear down the fence thereon.   On
March 9 temporary injunctions were granted on the
petition of these plaintiffs (appellants) restraining Mr.
and Mrs. Hyatt from interfering with appellants' pos-.
session.   On March 14, 1896, said injunctions were, on
motion of these defendants, dissolved, and from those
orders these appeals are taken.   Counsel for plaintiffs
(appellants) contend that the perfecting of the appeal
superseded the service of the writ of possession that
had been made, and left the parties in *status quo* pending
the appeal.   By the service of that writ these defend-
ants were put in possession of the disputed land before
the decree under which the writ issued had been super-
seded by appeal; therefore there was nothing to say.
See Code, 1873, sections 3186, 3192, and 23 Am. & Eng.
Enc. Law 554.   It will be observed that at the
time these injunctions were granted, and also at
the time they were dissolved, the cases in which
the decrees for possession had been rendered has been
appealed to, and were pending in this court.   These
injunctions should have been sought in these actions,
and, under the provisions of section 3389 of the Code of
1873, the application therefor should have been to this
court, as the actions were then pending therein on
appeal.   There was no error in rendering the judg-
ments dissolving said injunctions, and they are there-
fore AFFIRMED.