## STATE ex rel. KAY et al. v. DRANEY et al.

No. 3271. Decided December 31, 1918. (176 Pac. 767.)

1. APPEAL AND ERROR—"STAY"—EFFECT OF APPEAL AND SUPERSEDEAS. A judgment directing delivery of stock to corporation for cancellation does not prevent such stock from being voted, where judgment has been stayed by appeal and supersedeas in view of Comp. Laws 1907, sections 3308, 3313, 3314; to "stay" an order or decree being to hold it in abeyance, or refrain from enforcing it.

2. APPEAL AND ERROR—SUPERSEDEAS BOND—CONSTRUCTION AND EFFECT. A supersedeas bond, on appeal from a judgment declaring the issue of corporate stock illegal and directing its return for cancellation, held to stay the direction to return stock and also adjudication that the stock was illegally issued.

Appeal from District Court, Second District, Weber County; A. W. Agee, Judge.

Ouster proceedings by the State, on the relation of Mar-

garet Kay and others, against William H. Draney and others. Judgment for plaintiffs, and defendants appeal.

REVERSED and REMANDED, with directions to dismiss.

*C. R. Hollingsworth* and *H. H. Henderson,* both of Ogden, for appellants.

*John G. Willis,* of Ogden, for respondents.

GIDEON, J.

The controversy in this action grew out of an effort on the part of the plaintiffs to enforce a judgment in their favor entered by the district court of Weber county in an action therein pending entitled *Roberson et al.* v. *Draney et al.,* from which an appeal had been taken to this court. A decision in that case has been rendered by this court at the present term. The facts are fully stated in the opinion respecting that litigation, and only such additional facts will be stated here as are necessary to make plain the rulings in this proceeding.

It appears that, in the original suit of *Roberson et al.* v. *Draney et al.,* a judgment was entered by the district court on January 15, 1918, adjudging that 900 shares of stock in said coal company held, 300 shares each, by Draney, C. H. Gosling, and Ryan, had been wrongfully and illegally issued, and decreeing that said defendants deliver the certificates representing said 900 shares of stock to said coal company for cancellation; that a motion for a new trial had been overruled in that action on the 11th day of February, 1918, that thereafter, on the 13th day of February, 1918 defendants served and filed their notice of appeal from said judgment to this court, and on the same day applied to the court for an order fixing the amount of a supersedeas bond; that the court on said date fixed said bond in the sum of $90,000; that on the same day a bond in the amount fixed was filed with the clerk of the district court. It further

appears that on the evening of the said 13th day of February a regular stockholders' meeting of the coal company was had, at which time two sets of officers were voted for; that the defendants were present and voted the 900 shares of stock in question in favor of themselves for such offices, and by reason of such 900 shares the defendants received a majority of the votes cast for the respective offices. Excluding said 900 shares, the plaintiffs received a majority of the votes. This proceeding sought to oust the defendants from the respective offices and to induct the plaintiffs into such offices, on the theory that the defendants were not entitled to vote the 900 shares by reason of the judgment of January 15, 1918. The court adopted the view of the plaintiffs and entered its decree ousting the defendants from office and inducting the plaintiffs into said office. From that judgment the matter is brought here on appeal.

It is the contention of appellants that the giving of the supersedeas bond in the amount as fixed by the court in its order of February 13, 1918, held in abeyance or superseded the judgment holding that such stock had been illegally issued and directing its delivery for cancellation, and that the defendants, as the owners of that stock, stood in the same relation to the company as they did prior to the entry of the judgment of January 15, 1918. A determination of that question requires a construction of certain provisions of our statute respecting appeals.

Comp. Laws 1907, section 3308, provides:

"If the judgment or order appealed from direct the assignment or delivery of documents or personal property, the execution of the same cannot be stayed by appeal unless the things required to be assigned or delivered be placed in the custody of such officer or receiver as the court or the judge thereof may appoint, or unless an undertaking be entered into on the part of the appellant, with at least two sureties, and in such amount as the court or the judge thereof may direct, to the effect that the appellant will obey the order of the appellate court upon the appeal."

Section 3313 of the same compilation, so far as material here, reads:

"Whenever an appeal is perfected, as provided in the preceding

sections of this chapter, it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matter embraced therein, and releases from levy property which has been levied upon under execution issued upon said judgment; but the court below may proceed upon any other matter embraced in the action and not affected by the order appealed from. * * * "

Section 3314 is:

"If the judgment appealed from directs or prohibits the doing of any particular act or thing, and no express provision is made by statute in regard to the undertaking to be given on appeal therefrom, the execution thereof shall not be stayed by an appeal therefrom, unless an undertaking be éntered into on the part of the appellant in such sum as the court or judge shall direct, and by at. least two sureties, to the effect that the appellant will pay all damages which the opposite party may have sustained by the not doing or the doing of the particular act or thing directed to be done or prohibited from being done by the judgment appealed from, and to such further effect as the court or judge shall, in discretion, direct."

If the judgment or order made by the court on January 15, 1918, is such an order or judgment as is included or enumerated in section 3308, the giving of the bond as required by that section would, under the plain provisions of the subsequent section, 3313, stay "all further proceedings in the court below, upon the judgment or order appealed from, or upon the matter embraced therein." If, on the other hand, the judgment or order is such a judgment or order as mentioned in section 3314, then, upon the giving of the bond as provided therein, the judgment is likewise stayed. If the giving of an undertaking is necessary as provided in said section 3314 to stay such judgment or order, then the converse of the proposition must necessarily be true, that the giving of such an undertaking does stay the judgment or order appealed from, otherwise the provision that judgment shall not be stayed unless an appeal bond is given would be meaningless and a useless thing or provision to insert in the statutes.

Section 3313 of our Code is the same as section 946 of the California Code of Civil Procedure, and section 3314 of our statute is in many respects similar to section 949 of the

California Code. Similar questions to the one presented by this record have been considered by the Supreme Court of that state in several cases. The principle governing the judgment or order sought to be enforced in this proceeding is, in our judgment, clearly announced by the Supreme Court of California in *Foster* v. *Superior Court,* 115 Cal. 279, 47 Pac. 58. There, as here, the proceedings grew out of a contest for directors of a corporation. It was contended on the part of the plaintiff in that action, Smith, that he had been elected a director, and the proceedings were instituted against the adverse claimant, Lienthal, to oust him and declare Smith to be entitled to hold such office. Judgment was had adjudging Smith to be entitled to the office and excluding Lienthal from exercising the duties of such office. On the day the judgment was rendered, an appeal was taken, and during that appeal the plaintiff, Smith, attempted to attend a meeting of the directors and was denied the right by Foster, the president of the company. Thereafter Foster was cited before the court and punished for contempt. On petition to the Supreme Court the order of the lower court adjudging him guilty of contempt was annulled, and that court held, in effect, that the taking of the appeal prevented the enforcement of the former judgment even if that judgment was, by its terms, self-executing. The principle in that case was subsequently, in *Mark* v. *Superior Court,* 129 Cal. 1, 61 Pac. 436, reaffirmed by the same court, and the court in that case quoted with approval from the case of *Dewey* v. *Superior Court,* 81 Cal. 64, 22 Pac. 333, the following language:

"During the pendency of the appeal, the court below could do no act which did not look to the holding of the subject of litigation just as it existed when the decree was rendered."

Further on in the same opinion, the court uses this language:

"The effect of the appeal from the judgment was to leave the parties in the same situation, with reference to the rights involved in the action, as they were prior to the rendition of the judgment."

Furthermore, the language used in the sections of our

statute above quoted is not ambiguous. It says the judgment shall be stayed. To "stay" the order or decree is to hold it in abeyance, to refrain from enforcing it. In other words, so far as the court's power over the subject-matter of the judgment is concerned, they were suspended during the appeal. The word "stay" is defined by the Century Dictionary as:

"A stop; a halt; a break or cessation of action, motion, or progression: As, the court granted a stay."

To contend that a judgment is stayed, and at the same time maintain that the parties are deprived or divested of rights which they had prior to such judgment or decree, is a contradiction, and to uphold such contention would render the office of a supersedeas bond nugatory and of no effect.

Section 3315 of our Code, immediately succeeding section 3314, provides that in the case of one adjudged guilty of usurping, intruding into, of unlawfully holding public office, civil or military, the execution of the judgment shall not be stayed by an appeal. That provision was evidently intended by the Legislature to make an exception in favor of a judgment ousting public officers, civil or military, by providing that such judgment should not be stayed; and inferentially, at least, it negatives the idea that a judgment ousting an officer from a private corporation, or any other office except a public office, civil or military, shall not be stayed.

Had the stockholders' meeting been held while the judgment was in force and prior to the date of the filing of the supersedeas bond, under the authorities cited by appellant the district court would have no power or authority to undo what had been done under and by reason of the judgment. That, in effect, is the holding in *Hyatt* v. *Clever,* 104 Iowa, 338, 73 N. W. 831; *Board of Commissioners* v. *Gorman,* 19 Wall. (U. S.) 661, 22 L. Ed. 226 —cases cited by respondent. See, also, the following cases in support of the conclusions herein reached: *De Limos* v. *Siddall,* 143 Cal. 113, 76 Pac. 1115; *Vosburg* v. *Vosburg,* 137 Cal. 493, 70 Pac. 473; *Ex parte Queirolo,* 119 Cal. 635, 51

Pac. 956; *Statelor* v. *Superior Court*, 107 Cal. 536, 40 Pac. 949.

Some contention is made by respondents that the provisions of the supersedeas bond do not stay the judgment or order of the court below holding the stock to have been illegally issued, in that it is provided in said bond that the sureties thereon acknowledge themselves jointly and severally bound, in the further sum of $90,000:

"That during the stay of said decree and judgment the appellants will pay all damages which the plaintiffs may sustain by the defendants William H. Draney, Charles H. Gosling, and T. D. Ryan not carrying out that part of the judgments compelling the said defendants and appellants to surrender and deliver to the defendant Lincoln-Kemmerer Coal Company, a corporation, for cancellation the 900 shares of the capital stock of said Lincoln-Kemmerer Coal Company."

Other provisions of the bond, however, and as the consideration therefor, are "the appellants are desirous of staying the execution of said judgment and decree canceling 300 shares of the capital stock of said Lincoln-Kemmerer Coal Company, a corporation, held by each of the appellants," and it is further provided in said undertaking that the $90,000 mentioned as the penalty of the bond was the amount "fixed by the judge of this court for the stay of said judgment and decree." We are satisfied that the undertaking was sufficient to stay, not only the mandatory judgment directing the defendants to deliver up the stock for cancellation, but also that part of the judgment decreeing the stock to have been illegally issued.

It follows that the judgment of the district court must be reversed. The cause is remanded, with directions to dismiss the action; respondents to pay costs.

FRICK, C. J., and CORFMAN and THURMAN, JJ., concur.

McCARTY, J., died after the submission of this cause and before the filing of the opinion herein.