[Civ. No. 2119.     Third Appellate District.—March 10, 1920.]

CHARLES STANSBURY, Appellant, v. JAMES L. FRAZER et al., Respondents.

[1] JURISDICTION — MODIFICATION OF JUDGMENT PENDING APPEAL — POWER OF TRIAL COURT.—Pending an appeal from a judgment in favor of the plaintiff for a given amount of money and directing that certain street bonds in the custody of the county treasurer be delivered to the clerk and held by him to satisfy such money judgment, the trial court is without jurisdiction to make an order directing that a part of said bonds be released and delivered to the defendant.

APPEAL from an order of the Superior Court of Los Angeles County directing the release of a portion of bonds previously directed to be held to satisfy judgment. Dana R. Weller, Judge. Reversed.

The facts are stated in the opinion of the court.

Hooker & Austin for Appellant.

John B. Haas for Respondents.

BURNETT, J.—On the twenty-ninth day of July, 1918, on the application of respondent Hoffman, the superior court of the county of Los Angeles made the following order:

"The motion of Fred Hoffman, by his attorney, John B. Haas, for the release of certain bonds now in the custody of the Clerk of this Court, having come on regularly to be heard on the 27th day of July, 1918, and it satisfactorily appearing to the Court, that there is now being held by said Clerk, $4,000.00 of street bonds and interest coupons attached thereto to satisfy a judgment in the sum of $2,332.00

obtained in the above entitled action; and it appearing to the Court that said amount is excessive and unnecessary to satisfy said judgment;

"Therefore, it is hereby ordered, adjudged and · decreed: that the said Clerk release and deliver to said Fred Hoffman, or his attorney, John B. Haas, bonds in the sum of $1,000.00 from those certain bonds now being held in custody by him, being bonds in Road District Improvement No. 39, Los Angeles County, together with all interest coupons attached to all of the bonds so held by said clerk and that the bonds herein ordered released and delivered shall be those last maturing."

This order was based upon an affidavit of John B. Haas, the attorney for said Hoffman, in which it was stated that a judgment had been rendered in said action against the defendant, James L. Frazer, for $2,332, and that an order was made by said court that certain street bonds in the custody of the county treasurer be delivered to the clerk of said court, and that in pursuance of said order said bonds were so delivered to said clerk, and that they are now held by him, together with the interest coupons attached thereto, and "that said amount is far in excess of the amount necessary to satisfy said judgment against James L. Frazer.

"That the said defendant, Fred Hoffman, has appealed to the Supreme Court from the judgment rendered in the above entitled action and that said appeal is now pending.

"Wherefore, affiant asks that an order be made directing the clerk to deliver to Fred Hoffman bonds in the sum of $1,000.00 and all interest coupons of the bonds now in his control and in his possession as aforesaid."

[1] It is quite apparent that this order in effect modified the judgment in the action from which an appeal had already been taken to the supreme court. But it is. equally apparent that, pending an appeal, the lower court is without power to proceed further as to matters embraced in the judgment. (*Ruggles* v. *Superior Court*, 103 Cal. 125, [37 Pac. 211]; *Wickersham* v. *Crittenden*, 103 Cal. 582, [37 Pac. 513]; *Stateler* v. *Superior Court*, 107 Cal. 536, [40 Pac. 949].) In other words, the jurisdiction of the lower court in respect to the judgment is entirely suspended while an appeal is pending in the higher court. (*Stewart* v. *Taylor*,

68 Cal. 5, [8 Pac. 605] ; *Barnhart* v. *Edwards,* 128 Cal. 572, [61 Pac. 176] ; *Estate of Dean,* 149 Cal. 487, [87 Pac. 13].) We may add that these propositions are advanced in the brief of appellant and no reply has been made thereto by respondent, probably for the reason that he can find no answer to make.

The order is reversed.

Hart, J., and Ellison, J., *pro tem.,* concurred.