[Civ. No. 7728. First Appellate District, Division Two.—March 13, 1931.]

LOUISE ADELE ATLASS, Respondent, v. MORTIMER HOWARD ATLASS, Appellant.

Woodruff, Musick, Pinney & Hartke and Warren B. Pinney for Appellant.

Milton M. Cohen and G. D. Howe for Respondent.

PARKER, J., *pro tem.*—This is an appeal from an order purporting to modify a decree of divorce in so far as said decree provided for the payment of alimony by the defendant to plaintiff. The facts are not disputed. Plaintiff had obtained an interlocutory decree which provided that defendant pay to her a certain sum monthly for a period of two years and a less sum thereafter until further order of the court. A year having elapsed from the entry of the said interlocutory decree, there was duly made and entered the final decree of divorce in which the prior order with reference to alimony and support was continued in force. Subsequent to the entry of the final decree and on January 9, 1928, the plaintiff remarried a person other than the defendant, and since her said marriage was at all times living with her husband. On March 31, 1928, appellant filed in the court below a notice of motion for an order modifying the decree by striking therefrom the portion thereof providing for payments for the support and maintenance of plaintiff. The facts were not disputed. The remarriage was conceded, having taken place in the state of New York on the date alleged. In view of the place of marriage it sufficiently appeared that appellant's application was timely made. It is further undisputed that there were no children of the former marriage. The motion, coming on regularly to be heard, was submitted on the affidavits of the appellant and the affidavit of respondent's counsel, which latter affidavit, as hereinafter noted, set up no facts other than those supporting the contention of affiant that the purported alimony provisions were in fact intended as a property settlement. After hearing, the court entered its order as follows: "It is ordered, adjudged and decreed that the previous order of this court contained in the interlocutory judgment of divorce be and the same is hereby modified in the following particulars: From and after the 26th day of April, 1928, the defendant shall not be required to pay the plaintiff any further sums of money for her

support and maintenance pending the further order of this court.''

■ It is appellant's claim that the order should have provided that such payments cease as of the date of the remarriage, rather than as of the date the order was made. Hence the appeal.

As will be seen, the main question presented is as to the power of a court to enforce or order payments for the support and maintenance of a divorced wife after her remarriage. The general principle is announced in California Jurisprudence, volume 1, at page 1039. There it is stated in substance: The duty of the divorced husband towards his former wife is to support her while she remains single or until she dies, and if she remarries again, or if she dies, that duty towards her will terminate. Good public policy would not compel a divorced husband to support his former wife after she has become another man's wife, except under extraordinary conditions, which she should be required to prove. The rule thus announced is amply supported by authority both in this state and in other jurisdictions throughout the United States. In the case of *Cohen* v. *Cohen*, 150 Cal. 99 [11 Ann. Cas. 520, 88 Pac. 267, 270], the rule is discussed at great length and many authorities cited in support thereof. The court, in that case, uses the following language: ''We believe that the cases wherein the alimony should be continued after the remarriage are extremely rare and exceptional, particularly where there are no children of the former marriage. Good public policy would not compel a divorced husband to support his former wife after she has become another man's wife, except under extraordinary conditions, which she should be required to prove. Unless such conditions are shown by her to exist, the court should, on the former husband's motion, cancel all payments accruing after the remarriage, in all cases where, as here, there are no children and the allowance is based solely upon the husband's probable earning capacity, or upon his breach of the marriage vows and not upon existing property rights.''

There seems to be little dispute between the parties to this appeal on the principle of law involved. However, respondent makes a number of contentions in support of the order in this particular matter. Respondent contends

that the original order for the payments in question was intended not as alimony or by way of support as such but that it was in the nature of a settlement of property rights of the parties. It might be conceded that if this were true the rule announced would not apply. At the hearing on the motion to modify respondent offered the affidavit of her counsel in support of this contention. Appellant offered cross-affidavits and thus issue was joined. There were no findings on the question nor is it the practice or custom or requirement that specific findings be prepared on orders of this nature. However, the order itself may be and is construed as a finding on that issue. Presuming, as we must, the regularity of the proceeding, it is apparent from the order that the finding of the court below was contrary to appellant's contention. Had the court found the provisions for support to have been in fact by way of property settlement then the said provisions could not have been disturbed and the order here appealed from on its face does disclose that no such finding could have been made. Without further discussion on this point we might add that the question is of no import in view of the conclusion we have reached on the main question presented. And further, the earnestness of respondent might be questioned when it appears that she insists that the order appealed from be upheld notwithstanding the same deprives her of a sum of money many times larger than the few months' payments involved in the period between her remarriage and the date of the order. As the order will be reversed the court below will be at liberty to make further inquiry on this point.

Next, respondent urges that the appellant is not aggrieved by the order inasmuch as the notice of motion to modify and the motion made pursuant thereto both expressly contemplated the cessation of future payments and that the order responded fully to the motion. This is too narrow a view. When the court below was appropriately advised of the fact of remarriage and the demand for modification of the prior order its action was not restricted to the prayer of the moving party but it was the court's discretion to make such order in the premises as the law and the facts required. Respondent then further presents a number of arguments all going more to the invalidity of the order and lack of power in the court to make the same

but still insisting that it be affirmed. It is needless to catalog these contentions. If we should accept all of the respondent's contentions we would be in the anomalous position of affirming an order on the theory that it should not have been made and was of no effect. The sole effect of the order is that it requires the appellant to pay for the support and maintenance of his divorced wife following her remarriage to another. This, as we have seen, violates a sound principle of law and is against a recognized public policy. This much is conceded and it would be a strange judicial procedure for a reviewing court to sanction and affirm such an order merely because of some claimed irregularity in its entry.

The order appealed from is reversed and the cause remanded for further proceedings not inconsistent herewith.

Sturtevant, J., and Spence, Acting P. J., concurred.