[Civ. No. 16716.   Second Dist., Div. Two.   Mar. 22, 1949.]

YVONNE ROSSON, Respondent, v. CURTIS V. CRELLIN, Appellant.

Roland Maxwell and Paul H. Marston for Appellant.

Burr & Smith and James G. Dempsey for Respondent.

WILSON, J.—Plaintiff, who was once the wife of defendant, brought this action to recover an amount owing to her under an agreement entered into between the parties while they were husband and wife. From a judgment in her favor defendant has appealed.

On or about June 6, 1934, but under date of June 1, the parties executed a property settlement, agreement for support, and mutual release, and on the same day executed a supplementary agreement dated June 1. At the same time and as a part of the same transaction defendant executed and delivered to plaintiff, who was at that time his wife, a writing dated June 5, 1934, stating in part as follows: "Supplementing the property settlement agreement for support and mutual release and the supplemental agreement entered into

between you and myself in regard to your support and the support of our two children, Anne and Edward, will state that I will sign the necessary papers as soon as prepared agreeing to give you $50.00 per month in addition to the amounts set forth in the above described agreements during your life time . . .'' The "necessary papers" referred to in the last-mentioned document apparently were not prepared until the following December. Under date of December 5, 1934, defendant signed and gave to plaintiff a writing in which he referred to their agreement and supplemental agreement dated June 1, 1934, and stated that ''. . . supplementing said agreements, I hereby agree to pay you in addition to the amounts set forth in the two above described agreements the sum of Fifty Dollars ($50.00) per month, to be paid on the first day of each and every month so long as you shall live; . . .'' The latter agreement is the subject of this action.

Under date of March 18, 1935, the parties executed a new property settlement, agreement for support, and mutual release, wherein they agreed that the first instrument executed on June 6, 1934, should be of no further force or effect, that the 1935 agreement should be substituted in place of the former agreement, and that the supplemental agreement executed on June 6, 1934, should remain in full force and effect in conjunction with the new agreement of March 18, 1935. At the same time and as a part of the same transaction, and to assure that there was no uncertainty as to their intention, the parties signed and annexed to the agreement of December 5, 1934, a further agreement reciting that the agreement of March 18, 1935, "takes the place of" the agreement of June 1, 1934, and that in addition to the agreement of March 18, 1935, the agreement of December 5, 1934, remains in full force and effect.

On April 10, 1935, plaintiff obtained an interlocutory decree of divorce and a final decree on April 15, 1936. After the entry of the final decree and before the commencement of this action plaintiff remarried.

Defendant contends that the property settlement agreement is qualified by the provision of section 139 of the Civil Code, that the agreement requiring defendant to support plaintiff after her remarriage is contrary to good public policy, and that the agreement sued on is not supported by a valid consideration.

The court found that the writing of June 5, 1934, quoted above, was executed by defendant and delivered to plaintiff at the same time and as a part of the same transaction as the

two agreements executed on June 6, under date of June 1, 1934, and that in pursuance of such agreements defendant executed and delivered to plaintiff the written agreement of December 5, 1934, sued upon herein and above quoted, which is confirmed by the agreement of March 18, 1935.

A husband and wife may enter into contracts with each other respecting their property rights as though unmarried, subject to the rules controlling actions of persons occupying confidential relations with each other. (Civ. Code, §§ 158, 159; *Ettlinger* v. *Ettlinger*, 3 Cal.2d 172, 178 [44 P.2d 540]; *Baxter* v. *Baxter*, 3 Cal.App.2d 676, 681 [40 P.2d 536]; cases cited in 14 So.Cal.L.Rev., p. 373, n. 2.)

The agreements executed by plaintiff and defendant import an adequate consideration. (Civ. Code, § 1614; Code Civ. Proc., § 1963, subd. 39.) Since defendant is challenging the validity of the agreement the burden rests upon him of showing a want of consideration. (Civ. Code, § 1615.)

The court found that the agreement was made for a good and valuable consideration; that the parties never intended that the same should be released and it never was released or cancelled. There is evidence to support the finding and none to the contrary.

The agreement for support is enforceable in the same manner as any other agreement and plaintiff is entitled to collect the amounts agreed to be paid by defendant. (*Sanborn* v. *Sanborn*, 3 Cal.App.2d 437, 441-2 [39 P.2d 830]; *Roberts* v. *Roberts*, 83 Cal.App. 345, 351 [256 P. 826]. See 14 So.Cal.L.Rev. 376.)

Finally defendant contends that the agreement which binds him to make payments to plaintiff notwithstanding her remarriage is qualified by section 139 of the Civil Code* and is contrary to good public policy. The second paragraph of section 139 provides that upon the remarriage of the wife the husband is no longer obligated to provide for her support. Although defendant was not "obligated" to support plaintiff after her remarriage, nevertheless, as a part of the transac-

---

* Section 139: "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support, during her life or for a shorter period as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects.

"Remarriage. Upon the remarriage of the wife, the husband shall no longer be obligated to provide for her support but such remarriage shall not affect his duty to provide for the maintenance of the children of his marriage."

tion in which their property rights were settled he agreed without qualification as to her remarriage or otherwise to make monthly payments during her lifetime.

By reason of section 139 a court is powerless to compel a husband to provide support for his wife after her remarriage; however, where he agrees to do so such agreement will be enforced if it is a part of the property settlement agreement or is otherwise supported by a valuable consideration. (*Rich* v. *Rich,* 44 Cal.App.2d 526, 530 [112 P.2d 780]; *Landres* v. *Rosasco,* 62 Cal.App.2d 99, 105-6 [144 P.2d 20].)

The cases cited by defendant (*Cohen* v. *Cohen,* 150 Cal. 99 [88 P. 267, 11 Ann.Cas. 520]; *Atlass* v. *Atlass,* 112 Cal.App. 514 [297 P. 53]; *McClure* v. *McClure,* 4 Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257]) do not involve the construction of a property settlement agreement but relate to support ordered by the court. In the Cohen case the court said that good public policy does not compel a divorced husband to support his former wife after she has become the wife of another except under extraordinary conditions, but the courts recognize as a qualification to this rule that a remarriage would not authorize the vacation of a decree for support where it is given as a substitute for or in lieu of the wife's rights in the husband's property or in the community property. The Atlass case followed the Cohen decision. In the McClure case the husband had not entered into an agreement to support his wife but was ordered so to do by the decree of divorce. The court there held that section 139 of the Civil Code conferred jurisdiction on the court to modify or vacate its order for support after the remarriage of the wife.

By defendant's unqualified agreement to make payments to plaintiff during her lifetime he assumed an obligation which the court could not have imposed upon him. The finding of the trial court, supported by the evidence, that the agreement was a part of the same transaction as that in which the parties settled their property rights, brings the action within the doctrine of the Rich and Landres cases, and the Cohen, Atlass and McClure decisions are not applicable.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 19, 1949. Traynor, J., and Schauer, J., voted for a hearing.