[Civ. No. 14101.  First Dist., Div. One.  Sept. 13, 1949.]

ANN  HANSEN, Appellant, v.  EDWARD  HANSEN,
Respondent.

Phil F. Garvey, Julia M. Easley and James A. Himmel for
Appellant.

Eugene Elerding for Respondent.

PETERS, P. J.—There is no merit to this appeal.

Appellant secured an interlocutory decree of divorce from
her husband, the respondent.  The interlocutory judgment,
entered March 15, 1948, provided that the parents were to
have joint custody of the children of the marriage, actual
physical custody being given to appellant; that appellant
was to receive all the furniture, fixtures, furnishings and
personal property located in the former home of the parties;

that respondent should pay to appellant the sum of $85 a month as support for the two children, and should also pay appellant the sum of $25 a month for a period of 30 months for her support and maintenance. On September 14, 1948, respondent filed a notice of motion, purporting to act under section 473 of the Code of Civil Procedure, to modify the interlocutory decree by adding thereto the condition that, if appellant remarried during the 30-month period, the $25 monthly payments should cease. The affidavit in support of the notice of motion avers that such modification would be in precise accord with the actual ruling made by the trial judge at the time of trial. The motion was opposed by appellant, and was noticed for hearing on September 23, 1948, which was more than six months after the date of entry of the interlocutory decree. On October 1, 1948, a minute order was entered granting the motion to modify, followed on October 26, 1948, by a formal order modifying the interlocutory decree. This order recites that the interlocutory decree contains a "clerical mistake" in that it does not conform with the actual judgment of the court made in March, 1948; that at that time the court expressly directed that the $25 monthly payments should cease upon the remarriage of the wife, while the actual judgment was unconditional; that "to correct said clerical mistake aforesaid . . . and in the interest of justice, said Court on its own motion" modifies the decree to provide that if during the 30-month period the appellant should remarry the $25 monthly payments should cease. The appeal is from this order.

The sole contention of appellant is that the error sought to be corrected was judicial and not clerical, and, therefore, could not be corrected more than six months after the entry of the interlocutory decree.

There are two complete answers to this contention. In the first place, the error was clearly a clerical one. The reporter's transcript of the divorce proceedings discloses that at the end of the trial the court orally designated what the decree should contain. As to the $25 monthly payments, the judge expressly directed that the decree should contain a provision giving appellant "$25 a month for the period of two and a half years, unless she gets married, of course, in the meantime. Then that allowance will terminate." The court also directed the attorney for the wife to prepare the decree and to submit it to the attorney for the husband for approval. The attorney for the wife avers that he mailed a

copy of the proposed decree to the husband's attorney on March 13, 1948, a Saturday. The decree was submitted to and signed by the judge on March 15, 1948. The husband's attorney denied ever receiving a copy of the proposed decree. At the hearing on the motion the trial judge stated that when he signed the decree he "assumed the decree contained that provision" making the $25 payments conditional. In response to the arguments of appellant's counsel the court stated: "Counsel for the defendant need not reply to counsel's vehement argument and citation of authorities on this point. There is a higher law than the one that he recites, and that is the right that is given to every court at any time to correct its own records and make those records conform to what the Court intended. It certainly was not my intention that this woman was to receive support or alimony from her divorced husband after she was married to somebody else. I want that to appear distinctly in the record. . . . It wasn't the intention of the Court in any event, . . . for this woman to receive support from the man she wasn't married to, in the event of her marrying somebody else. . . . That is all there is to it, and the record will show that the Court itself is correcting its own records to conform with the views and intentions of the Court at the time the decree was made. No technicalities are going to prevent me from performing my duty in that regard, so the motion will be granted and it will apply to the interlocutory decree."

The point need not be labored that the error here involved was clerical and not judicial. The trial court so found, and its determination is entitled to great consideration. While a court may not correct a judicial error by a *nunc pro tunc* order more than six months after its entry, it may so correct a clerical error. The law is now settled that, where an order or judgment inadvertently omits a provision expressly ordered inserted, the failure to include it is clerical and not judicial even though it may be the error of the judge and not of the clerk. (*Morgan* v. *State Bd. of Equalization,* 89 Cal.App.2d 674, 677 [201 P.2d 859]; *Benway* v. *Benway,* 69 Cal.App.2d 574, 580 [159 P.2d 682]; *Estate of Remick,* 75 Cal.App.2d 24, 27 [170 P.2d 96]; *Carter* v. *J. W. Silver Trucking Co.,* 4 Cal.2d 198, 204 [47 P.2d 733]; *Estate of Hultin,* 29 Cal.2d 825, 829 [178 P.2d 756].)

In the second place, even if the error were judicial and not clerical, the original interlocutory judgment by implication and by operation of law necessarily contained the

very clause to which objection is here made. There is no dispute but that the $25 monthly payments were for support and maintenance of the wife, and were not part of any division of property between the parties. Under such circumstances, section 139 of the Civil Code provides, in part, that: "Upon the remarriage of the wife, the husband shall no longer be obligated to provide for her support but such remarriage shall not affect his duty to provide for the maintenance of the children of his marriage." This provision, first added to our Civil Code in 1933 (Stats. 1933, ch. 412, p. 1039), merely enacted into statutory form a rule of public policy recognized long prior to 1933 by judicial decisions. Thus, in *Cohen* v. *Cohen*, 150 Cal. 99, 104 [88 P. 267, 11 Ann.Cas. 520], the court declared: "Good public policy would not compel a divorced husband to support his former wife after she has become another man's wife, except under extraordinary conditions, which she should be required to prove." The rule is restated in *Atlass* v. *Atlass*, 112 Cal.App. 514 at page 516 [297 P. 53], where the court also states that the rule is supported by the general weight of authority throughout the nation. In that case, after remarriage of the wife, the husband moved to strike the provision in reference to alimony. The trial court ordered that alimony should cease from the date of the order of modification. This was reversed, the appellate court holding that the duty to make alimony payments automatically ceased upon remarriage of the wife. (For a general discussion of the rule since 1933 see *McClure* v. *McClure*, 4 Cal.2d 356, 362 [49 P.2d 584, 100 A.L.R. 1257]; *Rosson* v. *Crellin*, 90 Cal.App.2d 753, 756 [203 P.2d 841]; *Stucker* v. *Katz*, 92 Cal.App.2d 843, 845 [207 P.2d 879].)

It thus seems clear that regardless of the omission in the interlocutory decree, that decree was limited in its legal effect by section 139, *supra*. To expressly include what was necessarily implied in the order was not error. At any rate, the trial judge acted well within his powers in correcting the judgment to make it conform to his expressed intent and to the statute.

The order appealed from is affirmed.

Ward, J., and Bray, J., concurred.