[Civ. No. 14256.   First Dist., Div. One.   Apr. 21, 1950.]

JESSIE M. TOOHEY, Respondent, v. CLARENCE J. TOOHEY, Appellant.

Stanley D. Whitney and H. Albert George for Appellant.

Landels & Weigel for Respondent.

PETERS, P. J.—This is a motion by respondent to dismiss an appeal on the ground that such appeal is frivolous.

The appellate courts are reluctant to dismiss an appeal on the ground of frivolity. Normally, the determination that an appeal is frivolous requires a full consideration of the case on its merits, and for that reason should only be considered after full briefing by both litigants. But this is a rule of policy, not one of power. ██ The appellate courts possess inherent power to dismiss an appeal where an examination of the judgment roll discloses that the appeal is frivolous, or where a mere inspection of the record discloses that no relief can be granted appellant. (*Estate of Wunderle,* 30 Cal.2d 274 [181 P.2d 874]; *Williams* v. *Duffy,* 32 Cal.2d 578 [197 P.2d 341].) Stated another way, where the interests of justice require it, the court may exercise such power.

In the present case the appellant has filed his opening brief in which he has fully set forth his contentions. On this motion, the respondent has fully set forth her contentions. The case may be determined upon a mere examination of the clerk's transcript. On the oral argument, counsel for appellant stated that the appeal was taken out of an abundance of caution in order to secure an interpretation of the order appealed from, and that it made no difference to appellant whether such an interpretation was secured as the result of this motion or in an opinion on the merits. Under such circumstances, and because the appeal, by this motion, has already been delayed long past the time it would have been considered on its merits had counsel for respondent briefed the issues involved instead of moving to dismiss, we are inclined to and will consider, on this motion, the issues presented.

The judgment roll discloses that on December 7, 1943, respondent was awarded a decree of divorce against her husband by the United States District Court at Anchorage, Alaska. So far as pertinent here, that decree provided that respondent should have judgment against appellant:

"b. For the sum of $100.00 per month from the first day of

December, 1943, to the first day of July, 1944, in any event; and thereafter the sum of $100.00 per month for the balance of the period of ten years commencing with the first day of December, 1943, provided the plaintiff lives with the minor children of plaintiff and defendant; provided, however, that in the event plaintiff does not reside with said minor children during said ten-year period subsequent to July 1, 1944, said sum shall be reduced to . . . $50.00 per month; and further provided that in the event the plaintiff should remarry, all payments herein provided to be made subsequent to July 1, 1944, shall cease as of the date of such remarriage. . . .''

"d. For the sum of $75.00 per month commencing with the first day of December, 1943, for each of the minor children of plaintiff and defendant, to last and continue until each of said minor children shall reach the age of eighteen years, except in the event that said child or children shall continue in school or shall be disabled or incapacitated for any reason, then defendant shall continue to make said payments until such of said children shall have attained the age of twenty-one years.''

Admittedly, respondent has not remarried, and at all times here involved has resided with the minor children.

In April of 1948, respondent filed an action in Alameda County to establish the Alaska decree. After a trial on the merits, the trial court, on November 15, 1948, found that the Alaska decree, a copy of which was annexed to the judgment and incorporated therein by reference "was and is in every respect a valid judgment and decree for divorce, support of plaintiff, and custody and support of the minor children of plaintiff and defendant, and said judgment and decree is entitled to and shall be given full faith and credit in the courts of this State and is hereby established as such a judgment for divorce and support, entitled to be enforced in this state.'' The judgment also awarded to respondent all moneys accrued and due to the date of the decree. No appeal was taken from this judgment.

Respondent apparently was disturbed because of the failure of this Alameda County judgment to direct expressly that payments continue after November 15, 1948. On February 14, 1949, she moved to correct *nunc pro tunc* the judgment of November 15, 1948, by making the addition suggested above. The motion was granted, and on March 1, 1949, the trial judge signed a corrected judgment and decree which incorporated all of the original decree and added one new

paragraph. The *nunc pro tunc* decree recited that "by clerical misprision, inadvertence, mistake and oversight, the form of said Conclusions of Law signed on said date failed to state the true conclusions of law of said Court." The conclusions of law then adopted were identical with the original conclusions except there was added paragraph "C," which reads as follows:

"C. Two Hundred Fifty Dollars ($250.00) for said support, as provided in said Alaska decree, to be paid on the first day of each month from the date of the present decree." From this *nunc pro tunc* order appellant appeals.

It is the theory of appellant that the *nunc pro tunc* order materially changed the provisions of the Alaska decree and of the decree of November 15, 1948. It is claimed that the *nunc pro tunc* order requires payments of $250 per month to respondent without limitation of time and without regard to any change of circumstance, while in the Alaska decree the payments were conditional. Appellant fears that if the respondent fails to live with the children, or one of them dies, etc., he will be compelled to continue the $250 monthly payments regardless of the fact that the Alaska decree and the one of November 15, 1948, provided for such contingencies.

A mere examination of these various decrees demonstrates that the fears of appellant are groundless. The *nunc pro tunc* order was entered because it did not expressly provide that the obligations of the Alaska decree would be effective beyond November 15, 1948. But it is apparent that such obligation was in fact and in law contained in the November 15, 1948, decree. That decree provided that the Alaska judgment "was and is in every respect *a valid judgment* and decree *for* divorce, *support of plaintiff,* and custody and *support of the minor children* of plaintiff and defendant, and *said judgment* and decree is entitled to and shall be given full faith and credit in the courts of this State and *is hereby established as such a judgment* for divorce and *support, entitled to be enforced in this state."* (Italics added.) It is obvious that under the italicized portions of this decree the obligations of the Alaska decree for future payments were continued. It is equally clear that such a determination was within the power of the trial court. (*Biewend* v. *Biewend,* 17 Cal.2d 108, 113 [109 P.2d 701, 132 A.L.R. 1264] ; *Tomkins* v. *Tomkins,* 89 Cal.App.2d 243, 250 [200 P.2d 821].) This being so, the corrected judgment of March 1, 1949, added nothing to the decree of November 15, 1948, insofar as making the

obligations of the Alaska decree binding thereafter in this state is concerned. Nor did the corrected judgment in any way change the obligations of the November 15, 1948, decree. While paragraph ''C'' is somewhat awkwardly worded, and lumps all payments into the sum of $250 a month, while the Alaska decree provides for $100 for the wife and $75 per month for each of the two children, subject to contingencies, it is too clear to require extended comment that the contingencies and amounts of the Alaska decree were incorporated into this *nunc pro tunc* order, as they had been in the November 15, 1948, decree. After stating that the payment was to be $250 per month, paragraph ''C'' provides ''for said support, as provided in said Alaska decree.'' The only way $250 a month can be secured under the Alaska decree is by adding the $100 to the wife and the two $75 payments for the children. By providing ''as provided in said Alaska decree'' the trial court incorporated all of the contingencies set forth in that decree. Thus, the effect of the corrected judgment is exactly the same as that of November 15, 1948. Appellant's duty to pay is qualified by the same contingencies which were in the Alaska decree and which were incorporated in the decree of November 15, 1948.

For these reasons, the appeal is frivolous. If, for any conceivable reason, and there is none, the *nunc pro tunc* decree should be reversed, the obligations of appellant, under the November 15, 1948, decree, from which no appeal was taken, would be identical with those in the Alaska decree. The *nunc pro tunc* order did not add to or change the obligations of the November 15, 1948, decree. If it was necessary to make the *nunc pro tunc* correction in order to make the obligation to pay continue in the future, which it was not, such was a mere clerical order which could properly be added *nunc pro tunc*. (*Hansen* v. *Hansen*, 93 Cal.App.2d 568 [209 P.2d 626].)

The appeal being obviously frivolous, this is a proper case to impose damages as provided in section 957 of the Code of Civil Procedure. (See, generally, 2 Cal.Jur., p. 977, § 577.) The courts should not permit the appellate processes to be abused. Not only has this frivolous appeal imposed a wholly unnecessary burden on respondent, but, by improperly consuming the time of a busy court, it has adversely affected the rights of other litigants properly before the court. This warrants the imposition of a penalty. (*Hendricks* v. *Pappas*, 82 Cal.App.2d 774 [187 P.2d 436].)

The appeal is dismissed, and, pursuant to the provisions of section 957 of the Code of Civil Procedure, the sum of $50 is assessed against appellant and added to the costs as a penalty for the taking of a frivolous appeal.

Bray, J., and Schottky, J. pro tem., concurred.