[No. B137620. Second Dist., Div. Three. May 30, 2001.]

MARTHA ROSE AMES et al., Plaintiffs and Respondents, v. STEPHEN PALEY, Defendant and Appellant.

**COUNSEL**

Lionel P. Hernholm, Jr., for Defendant and Appellant.

Richard M. Hoefflin for Plaintiffs and Respondents.

**OPINION**

**KLEIN, P. J.**—Defendant and appellant Stephen Paley (Paley) appeals a postjudgment order in favor of plaintiffs and respondents Martha Rose Ames, Rose J. Schurter, as trustee of the Rose J. Schurter Revocable Trust, and Rojo Corporation (hereafter plaintiffs), modifying the judgment so as to make interest thereon retroactive.

The essential issue presented is whether the trial court had the inherent power to modify the judgment to correct an omitted term pertaining to the date Paley's promissory note obligation would commence.

In granting the earlier motion for entry of judgment pursuant to Code of Civil Procedure section 664.6,[1] the trial court intended to enter judgment pursuant to the terms of the settlement agreement. Accordingly, to the extent the judgment failed to conform to the terms of the settlement agreement, the trial court retained the inherent power to correct the judgment at any time nunc pro tunc. Therefore, the postjudgment modification order is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### 1. Resolution of underlying dispute by mediation culminating in settlement agreement.

Paley was a passive investor in various partnerships operated by Nathan Brenner (Brenner). During the course of the partnership, Brenner obtained loans from certain plaintiffs for the purpose of acquiring or improving partnership properties. Brenner defaulted on the loans. Plaintiffs filed suit against Brenner and Paley, alleging the loans were obtained on the basis of fraudulent representations by Brenner. Plaintiffs alleged causes of action to enforce constructive trust, suit on promissory notes, cancellation of instruments, breach of fiduciary duty and rescission.

On October 23, 1998, the parties and their counsel participated in a voluntary mediation, which concluded with the preparation and execution of a settlement agreement. The settlement agreement provided, inter alia, "PALEY will enter into a Promissory Note in favor of PLAINTIFFS in the amount of $600,000 to be secured by a First Deed of Trust[.]" The settlement agreement also stated: "Time is of the essence, and the parties agree to execute the formal settlement agreement and all related documents expeditiously and in any case, prior to November 3, 1998."

### 2. Paley and plaintiffs seek entry of judgment pursuant to the terms of the settlement agreement.

Due to Brenner's failure to cooperate, there were delays in preparing the formal settlement agreement. Plaintiffs filed an abbreviated mandatory

---

[1]Code of Civil Procedure section 664.6 provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

[2]The facts are gleaned from the limited record.

settlement conference brief because the matter had already been settled. Plaintiffs' brief stated: "PLAINTIFFS' counsel undertook the drafting of the Formal Agreement, but was unable to complete it without information provided by the Defendants. . . . [¶] PALEY and his counsel . . . have been cooperative in providing whatever information they possessed. BRENNER, the PARTNERSHIP and their counsel, Mr. Browne, have failed and refused to provide the requested information. This lack of cooperation has prevented PLAINTIFFS and PALEY from completing the Formal Agreement for several months."

On May 14, 1999, Paley filed a motion under section 664.6 for entry of judgment pursuant to the terms of the settlement agreement. A copy of the settlement agreement was attached to the motion as an exhibit. Plaintiffs filed a joinder in Paley's motion for entry of judgment.

### 3. *Entry of judgment pursuant to the settlement agreement.*

The trial court granted the motion for entry of judgment. On June 8, 1999, the trial court entered a judgment which states in relevant part: "Pursuant to the written Settlement Agreement entered into by the parties to this action, . . . the Court orders the following judgment be entered in the above-entitled cause: [¶] . . . [¶] 1. [Paley] will enter into a Promissory Note in favor of Plaintiffs . . . in the amount of $600,000 to be secured by a First Deed of Trust on the real property located in Baker, California. [¶] 2. The Promissory Note will bear interest at the rate of 10% per annum provided that a $50,000 reduction in principal is paid within five (5) days of each anniversary date of the Promissory Note. Should PALEY fail to make a principal reduction payment, the interest during the third, fourth and fifth years shall be 12% per annum. The Promissory Note will be all due and payable in sixty (60) months with no prepayment penalty. [¶] 3. The Promissory Note will also be secured by an assignment, including Cross-Collateralized Deeds of Trust where appropriate . . . . [¶] 4. PALEY will use due diligence and best efforts to sell the collateralized properties, with all proceeds therefrom going to PLAINTIFFS as a principal reduction of the Promissory Note. . . . [¶] . . . [¶] 7. The Court shall keep jurisdiction of this case until such time as all the collateralized properties have been sold or otherwise disposed of, in order that it may enforce the sales provisions set forth hereinabove."

### 4. *Postjudgment motion to fix the date of promissory note.*

On or about September 10, 1999, three months after entry of judgment, plaintiffs filed a motion to fix the date of the promissory note referenced in

the settlement agreement and the subsequent judgment to November 3, 1998. Plaintiffs contended the trial court had jurisdiction to determine the commencement date of the promissory note, the parties had agreed all formal documents would be executed by November 3, 1998, it was thus the intent of the parties that the promissory note be dated no later than November 3, 1998, the judgment was to effectuate the settlement, and therefore the date of note should revert back to the date contemplated in the settlement agreement.

In opposition, Paley argued the promissory note and interest thereon should commence no earlier than June 8, 1999, the date of entry of judgment. Paley emphasized the judgment was silent with respect to the commencement date of the promissory note and the date for accrual of interest, and that the language of the judgment was prospective, to wit, "PALEY will enter into a Promissory Note."

On October 1, 1999, the trial court granted plaintiffs' motion. It ruled: "Concerning the plaintiff's motion to fix date of the promissory note and the interest thereon, the court finds that the date shall be 11-3-98."

On November 30, 1999, Paley filed a timely notice of appeal from the order.[3]

## CONTENTIONS

Paley contends the trial court erred in issuing the postjudgment order because the order was issued in excess of the trial court's jurisdiction and the order is not supported by substantial evidence.

## DISCUSSION

1. *No merit to jurisdictional argument.*

   a. *Trial court's inherent power to correct clerical error in judgment.*

■ "A court of general jurisdiction has the power, after final judgment, and regardless of lapse of time, to correct clerical errors or misprisions in its records, whether made by the clerk, counsel or the court itself, so that the records will conform to and speak the truth. [Citations.]" (7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 69, p. 597.) This inherent power is confirmed by statute. Section 473, subd. (d) states: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its

---

[3]The order is appealable as an order after judgment. (§ 904.1, subd. (a)(2).)

judgment or orders as entered, so as to conform to the judgment or order directed." (See 7 Witkin, *supra*, § 69, p. 597.)

*Hansen v. Hansen* (1949) 93 Cal.App.2d 568 [209 P.2d 626] is illustrative. There, the trial court orally ruled that spousal support would terminate upon remarriage, but that term was omitted from the interlocutory divorce judgment. (*Id.* at pp. 568-569.) The husband moved to modify the decree by adding the omitted term. (*Id.* at p. 569.) In upholding the trial court's modification order, *Hansen* stated: "While a court may not correct a judicial error by a *nunc pro tunc* order more than six months after its entry, it may so correct a clerical error. The law is now settled that, where an order or judgment inadvertently omits a provision expressly ordered inserted, the failure to include it is clerical and not judicial even though it may be the error of the judge and not of the clerk. [Citations.]" (*Id.* at p. 570.)

Similarly, *Nathanson v. Murphy* (1957) 147 Cal.App.2d 462 [305 P.2d 710] upheld an order modifying a clerical error in a judgment nunc pro tunc. On March 3, 1953, the trial court granted plaintiff a judgment for $5,000, together with 7 percent interest from June 11, 1947, the date the court found plaintiff had parted with the money as a result of the alleged fraud. (*Id.* at pp. 463-464.) On March 26, 1953, at the hearing on a motion for new trial, the trial court expressed its intent to change the allowance of interest. (*Id.* at p. 468.) On September 30, 1955, the trial court entered its order granting defendants' motion to modify the judgment nunc pro tunc as of March 27, 1953, by providing that interest should run only from March 3, 1953, the date of the judgment. (*Id.* at p. 464.)

On appeal, the plaintiff challenged the trial court's authority to enter the modification order. The appellate court rejected the contention and affirmed. It ruled: "[T]he order of March 27, 1953, did not correctly state what the judge had expressed as his intent. This was a clerical and not a judicial error. Therefore, the court had the power, at any time, to correct it, *nunc pro tunc*." (*Nathanson v. Murphy, supra*, 147 Cal.App.2d at p. 470.)

b. *Trial court had inherent power to correct the judgment to make it conform to the terms of the settlement agreement.*

After the parties reached a settlement agreement, Paley, joined by plaintiffs, brought a motion for entry of judgment pursuant to the settlement agreement. The trial court granted the motion and clearly intended to enter judgment in conformity with the settlement agreement. In this regard, the judgment recites: "*Pursuant to the written Settlement Agreement* entered into by the parties to this action, a copy of which was filed with this Court

pursuant to a motion for judgment under [section] 664.6, the Court orders the following judgment be entered . . . ." (Italics added.)

Accordingly, because the trial court intended to enter judgment pursuant to the settlement agreement, to the extent the judgment failed to conform to the terms of the settlement agreement, the trial court retained the inherent power to correct the judgment nunc pro tunc some three months after entry of the judgment.

2. *The trial court properly specified November 3, 1998, as the date for the promissory note obligation to commence.*

The remaining issue is whether the trial court's interpretation of the settlement agreement was correct. Paley's opening brief on appeal essentially concedes the issue. The brief states: "Preceding the issuance of the trial court's order, [plaintiffs] argued that a proper interpretation of the Settlement Agreement would make it clear that the parties intended to date the Promissory Note no later than November 3, 1998. . . . *While it is undisputed that the Settlement Agreement contained such a provision, this provision was glaringly absent from the trial court's Judgment.*" (Italics added.)

Thus, it is uncontroverted the parties agreed in the October 23, 1998 settlement agreement that the formal settlement agreement and all related documents, including the promissory note, would be executed by November 3, 1998. Substantial evidence, particularly the language of the October 23, 1998 settlement agreement, supports the trial court's determination that November 3, 1998, was to be the operative date. Accordingly, the trial court properly fixed November 3, 1998, as the date of the promissory note and the date that interest would begin to accrue.

DISPOSITION

The order is affirmed. Plaintiffs to recover costs on appeal.

Croskey, J., and Kitching, J., concurred.