Filed 1/17/24  County of San Diego v. J.P. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN DIEGO, | D081668 |
| Respondent, | |
| v. | (Super. Ct. No. 20DF002426C) |
| J.P., | |
| Appellant, | |
| M.L., | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Lizbet Munoz, Commissioner.  Affirmed.

J.P., in pro. per., for Appellant.

No appearance for Respondents.

MEMORANDUM OPINION[1]

In an action by the San Diego Department of Child Support Services (DCSS), J.P. (Father) was ordered on June 23, 2022 to pay M.L. (Mother) nonguideline child support for their minor child in the amount of $820.00 each month, "effective 06-01-22." According to the minutes and order, Father was not present at the June 23, 2022 hearing.

On December 20, 2022, the court granted DCSS's ex parte request to correct the June 23, 2022 order pursuant to Code of Civil Procedure section 473, subdivision (d),[2] to reflect the court's order that Father was to pay child support in the monthly amount of $820, "effective 6/1/2021." On December 15, 2022, DCSS provided notice to Father that the agency intended to appear ex parte with the date and time of the hearing. Specifically, a DCSS law clerk spoke with Father's attorney of record, Brooke Soliz Chandler, who stated "[s]he d[id] not oppose the County's motion."

Father appeals the court's December 20, 2022 order.[3] In his five-paragraph opening brief on appeal, Father's argument in its entirety is that

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2] All further undesignated statutory references are to the Code of Civil Procedure. Subdivision (d) of section 473 provides: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."

[3] The postjudgment order is appealable pursuant to section 904.1, subdivision (a)(2). (See *Ames v. Paley* (2001) 89 Cal.App.4th 668, 672, fn. 3 [grant of § 473, subd. (d), motion is appealable pursuant to § 904.1, subd. (a)(2).].)

the court's ex parte order correcting the effective date of child support "is a clerical mistake" because his "income and expense reports from 5-20-21 clearly reveal [Father] simply did not make enough wages to support an $820 payment each month." He further asserts he has been in compliance with child support payments "and even accrued a $1000 positive arrears for some time in order to maintain good standing with child support payments." He requests that "all arrears payments due to the clerical error be removed (including late fees and interest fees) and any over payment made by [him] due to the error be refunded."

DCSS filed a letter informing us "that after a thorough review of [Father's] opening brief and the record on appeal," DCSS will not file a respondent's brief in this matter." Although no respondent's brief has been filed, Father " 'still bears the "affirmative burden to show error whether or not the respondent's brief has been filed." ' " (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 110, fn. 1.) Appellate courts approach every appeal with the presumption the appealed judgment is correct. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) To succeed on appeal, Father has the burden of demonstrating "that the trial court committed an error that justifies reversal of the judgment." (*Ibid.*) He retains this burden even though his appeal is unopposed. (*In re Marriage of F.M. & M.M.,* at p. 110, fn. 1.)

Although we appreciate the challenges of appearing as a self-represented litigant, Father "is entitled to the same, but no greater, consideration" as any other attorney or litigant on appeal and is required to follow the rules. (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638.) The reviewing court is not required to develop appellant's arguments or search the record for supporting evidence and may instead treat arguments that are

3

not developed or supported by adequate citations to the record as waived. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1011.)

Father has not met his burden on appeal to show reversible error. He asserts facts without citation to the record and makes arguments without citation to law. His arguments essentially ask us to reweigh the evidence on the adequacy of his income and expenses to support the child support order, which we do not do on appeal. (*Pope v. Babick* (2014) 229 Cal.App.4th 1238, 1246 [On appeal, "[w]e do not reweigh evidence or reassess the credibility of witnesses."]; *ibid*. ["We are 'not a second trier of fact.' "].) We therefore affirm.

## DISPOSITION

The December 20, 2022 order is affirmed.

DO, J.

WE CONCUR:

IRION, Acting P. J.

BUCHANAN, J.

4